All right. Would the attorneys who are going to address the court in a while please step up to the podium and identify yourselves for the record? Please. Good morning, your honors. Ronald Balfour for the appellants. Is that, would you spell your last name? Sure, it's B as in boy, A, Al, Pat as in Frank, O, U, R. Mr. Balfour. Counsel? William Katt, K-A-T-T, for the defendant appellee. K-A-T-T? Yes. All right. Good morning to both of you. All right. We're going to allow each side to have about 15 minutes to present a oral argument from then. Mr. Katt, you may save time. Sorry, Mr. Balfour. You may save some time out for rebuttal. I think I preserved it. Bye. All right. All right. With that, Mr. Katt, you have a seat. Mr. Balfour, you may proceed. Good morning, your honors. Good morning. I introduce myself. My name is Ronald Balfour, and I represent the appellants in this matter. Thank you for the opportunity to address you today. Several issues have been identified for appeal in this consolidated matter, but the central issue is this. The lower court improperly applied a heightened pleading standard in dismissing the Second Amendment complaint in this case, and then compounded that error by refusing to give the plaintiffs any opportunity to meet that standard once it had been identified. In particular, malfolding and binary transportation should have been given at least one opportunity to address the pleading defect identified by the court under the heightened pleading standard that it applied. Where are you? I'm not sure. I remember reading that you said the court was holding you to a heightened pleading standard, but from where are you getting that kind of complaint? Sure. So certainly, Illinois is a fact pleading state, and the plaintiffs are required to plead facts here. We believe that the requirement that the pleading specifically identify not just that an individual received confidential information, not just that the individual was a former employee of Binera and then subsequently worked for a competitor, but actually identified by name is, as far as I can tell, unprecedented. There is no requirement that the facts be that specific in a breach of a duty claim. Okay. So then you're saying because the judge wanted a name and wanted specific types of confidential information? That was the second piece, yes. It's the specific types. It's the, believe the fact that we identified various types of confidential information, broadly speaking, that were disclosed, identified an identifiable individual, even though he had not been personally named, believe that going further than that wasn't an appropriately high standard. Mr. Balfour, doesn't this case really, in its essence, boil down to whether the trial judge should have dismissed the second admitted complaint with prejudice? And what is our standard on review for that decision? Doesn't that really what this case boils down to? Because all of the other stuff, right, the motion to advance fees, the contempt which, you know, didn't come to any fruition because an appeal was filed, the later petition for fees, which wouldn't even be granted if there hadn't been the dismissal with prejudice, right? So doesn't it all come down to that? And isn't our standard on review for that decision abuse of  So I'll take the first piece of the question first, if I may. And unfortunately, I'll very the answer would be yes and no. It comes down to that in the sense that if the court was correct, or if the court was incorrect in dismissing the matter with prejudice, then all the other stuff does go away as well. However, assuming for the sake of discussion that the dismissal with stands, we are also of the view that the indemnification issue was still decided in error because the court applied the wrong standard. And specifically, the court applied an arising out of or related to standard instead of a by reason of standard for determining whether indemnification applied. And that, I think, is sort of it. Well, so now you're saying that you think this defense of the lawsuit by reason of the fact that should a shareholder officer note that that's not? I mean, that's why she's in this case, correct? That's not our understanding of what by reason of the fact is here. Certainly, it is related to her position as a shareholder. However, the allegations here are not related to any actions that she is alleged to have taken on behalf of the corporate entity. So the difference, so certainly there are, and counsel cited a number of cases where breaches of fiduciary duty fell within the scope of an indemnification clause. The difference is that in those cases, the defendant was alleged to have breached their fiduciary duty through exercising some corporate power. So the original complaint in this case is actually a good illustration of this. So in the original complaint, Aaron Holdings alleged that Jurgida breached fiduciary duties by causing the corporate entity to improperly transfer funds to her personal attorneys. That matter is, as counsel has noted, not an issue in the indemnification provision and the indemnification request. Those fees aren't being claimed. However, when you get to the subsequent actions, the actions that are alleged are not exercises of corporate power. What they are are simply disclosing corporate information, not for the purpose of engaging in some sort of corporate transaction, but for personal reasons. That count is still alive, isn't it? I mean, it's not alive anymore. Okay. But when you pled the second amendment and when the first was pled, that first count remained. You re-pled it, so to speak. Sort of. Okay. It was the cause of action where breach of fiduciary duty was re-pled. The facts that were alleged in support of that did not involve the transfer of funds. Okay. All right. Thank you. But the cause of action, breach of fiduciary duty, is in all three of your attempted complaints. Yes. Yeah. This is kind of like a scope of employment argument. What she did here was not within the scope of her powers. So, yes, and particularly within the scope of the powers is the way I would phrase it. It's not that, but maybe a better way of thinking about it is corporations as entities cannot act by themselves, right? They act through their officers or their employees. Indemnification applies by reason of the corporate position in instances where the action is actually causing the corporation or the entity itself to act in some way. Is that clear? Yeah. You gave an example before. Can you give it again? Sure. The example was actually what came up in the original complaint here. Okay. Right. Where Trujillo was alleged to have transferred funds, corporate funds, to higher attorneys. And the difference there is, of course, funds were a corporation making a transaction, sending funds out of the corporate treasury, allegedly for personal reasons. But that is a different question. That would be, in our view, something that is by reason of the scope. Well, what did she do here, though, that makes it that different? The new allegations. Sure. She downloaded information. She could do that. She downloaded information. That was within her power to do, right? It's within her power to do what she did, allegedly, is take that information and dispose it to a third party. Well, it's what she did with it after she exercised her corporate power. I've already used that phrase. She exercised her corporate power to download information, and then she did something improper with it. How is that different than the first allegation? So a couple of ways. But I think, one, to address it as phrased, the difference is that it wasn't the subsequent action in the first instance that was the improper. It was the action itself of using the corporate power to transfer the funds improperly. But second, I actually do want to reconsider what my initial reaction to your question, which was, was downloading the document itself an exercise of corporate power. And in a certain sense, I suppose she had access to the documents in that way. However, phrased the way I said before, in the way that she caused the corporation to transfer funds, she did not cause the corporation to download documents. She did that personally. I'm not sure exactly what it would mean for a corporation to download documents. There's a difference. We haven't really gotten into much here, but there's a difference between advancing her funds, which the corporate documents I think seem to allow. There wasn't much more that she had to do other than be in court. So that's quite different than the indemnification by statute. The indemnification order that the judge entered is not really the same or equal to the advancement issue. Would you agree? I generally agree. The caveat I'll give to that is just that advancement as a concept, it's effectively interrupting. Even if we were to reverse and allow the court or you rather, your client, to replete, the advancement issue to me would still be, I don't see that this is something that would be of the nature of an error because of the language in the documents that you are an officer, shareholder, and you're hauled into court to defect. You're entitled to the advancement of the fees that you have to expect. Am I missing something there? Generally no, but there are two reasons I don't quite agree. I see where you're heading. Well, the more important issue I think is what Justice Walker led you to, and it's whether or not the court erred when it dismissed the called second amendment complaint. So, I mean, there's no authority out there that tells us that a certain number is bad and a certain number is good, right? Correct. But this was not a truly second amendment complaint. Normally it's a complaint, and then it's an amended complaint, and then it's a first amendment, right? I mean, that's kind of the order, but here's my question. Sure. You were knocked out of the box after these first, the two complaints that started alleging the breach of fiduciary duties via not taking out the funds and giving them to some law firm, but by taking documents that she gave to her boyfriend, who then gave them to a competitor, and the boyfriend used to work for the same company that she did, and then the damages were included in your final complaint, or at least you set forth in this third complaint where the information went, how you lost all these clients, and I'm not sure that there was much in terms of facts there, but that's the question. The court multiple times kept saying this was the third time you had to amend, right? The court said that, certainly. Now is it really, that's not really the deciding factor for us, is it? I don't think it's the deciding factor. So what is, when, I think Judge Walker asked you, what's our standard review for dismissing with prejudice? I was going to say, so there's two separate standards there. One is the dismissal itself, and the dismissal. The notion of dismiss. Right. Like that's one thing. Right. Yeah, that's de novo. Certainly. Whether or not we think it should have been dismissed is de novo, right? Correct. But a dismissal with prejudice is subject to a motion. And really, this boils down to the with prejudice, does it not? I don't think it does. I think that certainly the argument that we should have been given the opportunity to put forth the third amended complaint boils down to whether the with prejudice was appropriate. But prior to the dismissal with prejudice, you never requested Leach to amend. Again, correct? The motion to vacate. I'm saying before, your matter was dismissed with prejudice. Right. You know, I was a defense attorney in the old days, right? And I, if I'm, if I'm moving to dismiss something, and the, and the points, my opposing counsel says, oh, I think the judge is about to dismiss with prejudice. My opposing counsel would always say, Judge, if you're going to dismiss this matter, I want another Leach to amend again. You didn't ask for that, right? At that point, that's correct. Correct. And you waited four, almost four months, right? That's correct. But didn't the trial court use jurisdiction to modify its dismissal with prejudice after 30 days? Because that's a final judgment. What makes something non-appealable is when they, the petition for fees was filed. That's, that means that this thing is not yet final and ripe to be appealed, but it doesn't make it not a final judgment, correct? You have 30 days to vacate, motion to reconsider, motion to modify, but you didn't do anything in 30 days. You waited for almost four months. Is that right? That, the recitation of what happened is correct. I don't agree that it was a final and appealable judgment. Not appealable, but you agree there was a final judgment? I don't. I agree that... What you don't agree with is that the court had jurisdiction over that case and the court could modify, or could have vacated, or could have allowed leave to replete because the court had jurisdiction over the case. There were still matters pending. That's the ultimate... And that's what you say in your brief. Correct. Okay. Because, because counsel, opposing counsel is actually suggesting that the court lost jurisdiction on the case that was in front of the judge all that time. Right. And certainly I can, I'm happy to get further into that. Broadly speaking... Well, I think we understand these. Okay. I understand. Were there any questions that I have not addressed before I continue? Counsel, wasn't one of the bases for dismissal of the second amendment complaint that you did not establish fiduciary duty? It was. Okay. I mean, I know there was some of it. You didn't name the competitor. You didn't name the confidential information. But on a more fundamental level, didn't he say you did not establish a fiduciary relationship between the plaintiff, between the defendant and the plaintiffs? Yes. And thank you for the opportunity to address that. And that's mostly true. But the reason I say mostly is because the court, and I believe, I believe opposing counsel conceded that there is a fiduciary duty or relationship established with malfolding. With what? With malfolding.  Right. Again, we don't agree with the finding on fiduciary duty. But even if that's correct, it's not a basis for dismissing the claim. Right. So didn't the court err when it said, well, you couldn't establish these other entities, that there's any fiduciary relationship. But I'm going to throw them all out, including malfolding. It did. Counsel will say that there was a second reason, which was the lack of specificity on the basis for dismissing whether or not there's a fiduciary duty. Why don't you just give us a summary very quickly. Sure. What's the fiduciary relationship that she had with milk? It turns out there's more detail to this than we've got into. But in terms of what's in the record, what's important to understand about fiduciary relationships, and particularly to understand about fiduciary relationships in the context of a closely held family business, is they're equitable in nature. And claims for breach of fiduciary duty are equitable in nature. So by looking at the corporate formalities between the different entities and saying, well, the plaintiffs have shown a connection to malfolding, but have not shown all these various fiduciary duties, the court didn't just err in finding no fiduciary duty. The court asked the wrong question. The question is whether the relationship between these various parties, and particularly these people who run and operate the complex, the web of family entities, place trust and confidence in each other in such a way that it gave rise to fiduciary duties. And the legalistic looking at the corporate formalities, as far as I can tell, doesn't have a basis in Illinois law under these particular circumstances. By which I mean, in the context of a breach of fiduciary duty case. With a family? And a closely held entity. Or a closely held set of entities. Mr. Malfoy, I think I just have one more question of you. Prior to your first complaint, when you talked about this funding of the attorney's fees, did you already have the facts that you then attempted to allege later about the boyfriend and the confidential information? And if so, why didn't you plead those facts originally? Or did something happen after the first complaint that you got more suspicious about more activities of your gender that led you to? It's a good question. And unfortunately, I was not involved at that point. So I can, from my understanding, additional, there were additional reasons for suspicion that came after that and additional facts and surveillance videos seen. Weren't those surveillance videos after the initial complaint that was filed? Sorry, can you repeat the question? My impression from reading the complaint was that the videos or the surveillance tapes, whatever, that apparently displayed her going through things, putting them in bags or some kind of container and then leaving, were on two separate dates. They were September something and another week later or something. I don't know. I guess the question is valid. But did this happen before she took the money and deposited it in the locker? My understanding is the videos are occurrences that happened before that, but were not known or discovered or agreed, right? Okay. All right. Do I have any additional time at this point or should I? Well, you're clear on the jurisdiction. Counsel suggested that every single order had to be like four appeals going at the same time on this case. Certainly, that's our view is that that would not make a lot of sense. Well, it doesn't matter. I mean, maybe it doesn't make sense, but the question is a legal one. Right. Did the court lose jurisdiction over his ability to grant leave to amend because you file a motion to vacate? You know, it was four months after the dismissal of prejudice, but there were matters still pending within the court. It's that last piece that's important. There were matters still pending and particular, not just matters, but they were specifically claims for fees, which the case law is clear constitute claims, separate claims within the meaning of Rule 304A. But those matters were not against the judgment, correct? They were corollary because it was a fee petition. They were not against the judgment. They were, however, intertwined with the merits of the underlying proceedings insofar, particularly if they're based on... So the finding of indemnification is expressly premised on success on the merits in the underlying case. So I don't believe it's possible to disentangle them. This wasn't a petition for attorney's fees in any general sense. It was a request to be indemnified under a statute. That's correct. And that was pending. I think it's also worth noting that when that came up, the court did not say, okay, you have 30 days to file a post-judgment motion, as you always would for attorney's fees or for something corollary like that. The court said file in 21 days. So there was no point... That was the contempt matter going on because of the failure to pay the advancement fee. So there were a number of things that the judge was still considering at the time that the complaint had been dismissed. Correct. Well, I don't know if you've answered this question, but there's no magic number. Why was the order with Precious, why should that be reversed? There are a few reasons. One is because of our view that it is not a final appealable order. We think the label of actor should have been applied and the court should have determined whether leave to amend was appropriate. The court, of course, did not do that. You tendered a new complaint, didn't you? We did. And the court said it would not consider the loyal effect and would not vacate the dismissal of Precious. It's denied leave. It's denied leave. I don't believe, I'm not sure he even addressed whether he would address the loyal effect. It's simply denied leave. Okay. So let me ask you again, just to make sure I understand your position. So on the legal question, the dismissal, your position is that the plaintiff owed a fiduciary duty to all of these companies because they were intertwined in a closely held corporation. That would make it different than if it was just some other breach of fiduciary duty. Because there's clearly not a direct fiduciary duty. I mean, in the documents, would you agree with, well, I'll let you disagree if you'd like. No, I agree. I agree. That in the document, and again, putting other things aside, in the documents, there is not a direct relationship, except for with Milk Holding. And in the proposed third amended complaint, we also allege one with NARA. But that is not in the prior versions. We did, from the first amended complaint to the second amended complaint, go from nine entities, I believe it was, to five. So our position would not be that there is an intermingling such that it gives rise to fiduciary duty to all nine. It would be to those, I think it was five. We said five. I think it might actually have been four. And would your position be that no matter what, Milk should have stayed in? Yes. Or throughout Milk, you know. But would your position be that that should have stood, even if the others were gone? Absolutely. There wasn't really, it was a little flimsy about what this fiduciary relationship was. Absolutely. Even if, for the sake of discussion, there is no other fiduciary duty with any of these other entities, there's an admitted fiduciary relationship with Milk Holding. And it comes down to whether the pleading standard on the specificity of the facts was proper. Any other questions? We'll leave a little time for you for rebuttal. Great. Thank you very much. Mr. Papp. Sorry. Thank you, Your Honor. May it please the Court. This Court should affirm the fee judgment of the trial court that was entered on May 2, 2025, because Yergita was entitled to indemnification because she succeeded in defending the breach of fiduciary duty claims against her. And the amount was, the amount awarded was reasonable. It was based on a supported record and not an abuse of discretion. This Court lacks jurisdiction to hear any of the other issues on appeal. But if the Court disagrees, we think that they should be affirmed because the trial court was either correct or did not abuse its discretion. Well, I want to ask you about the motion of 18. So the Court dismisses the complaint with prejudice. Was that in, what month was that? It was November 21st of 2024. Okay. And there had been an advancement issue, and that was reaching a contempt stage, right, because they had, it would have subsequently, because later, they didn't pay that money. It later did, yeah. The advancement was resolved on November 25th. It was four days later, we were scheduled for a hearing. We got the trial court's order on the 21st. On the 25th, we show up. At that point, what was pending was a motion to reconsider on the advancement, which the Court denied. And Irvina had also at that time filed a petition to enforce the original orders that were ordering advancement. Those were the October 1st and October 4th orders. And what happened at the hearing that day, it's reflected in the transcript and also in the written order, is after the trial court denied the motion to reconsider advancement, there was a question. What's going to happen next? And the plaintiff's counsel said, can we stay the requirement to pay the advancement while we sort out the fee petition that would be coming? And the trial court said, no, I made an order. You need to comply with it. And then the counsel made an objection that it's not clear. Wasn't the indemnification request made after the dismissal of President? Absolutely. It was not made until December. I'm trying to get to that. So we have, then we have a petition for the indemnification, and the court is still working on that. And then the contempt comes up because they didn't pay the advancement fees. And so we've got that going on. We have the indemnification going on. And four months later, they asked me to file an amendment complaint. They asked to vacate the order. Okay. So I need to know, what is the case that you think that says that they had to appeal this denial of the dismissal with prejudice within 30 days while the trial court still has jurisdiction over the case? Well, it's a number of principles. But I want the case. I want the case that says that the court no longer had jurisdiction to consider the dismissal with prejudice while the court was considering other matters at that time. And I'll try to answer your question, and I'll provide you a case. And the key, though, is that there was nothing pending as of November 25th. There was what? There was nothing pending as of November 25th. The fee petition came in December, and the supplemental petition for rule to show cause came in December, and it was based on a violation of the November order. Was that no longer pending? Well, the advancement had been resolved by the November 25th order, which said pay $42,000 by December 15th, I believe. So that was pending? It wasn't pending. All that was pending was enforcement or compliance. And enforcement or compliance with an order, the court inherently retains jurisdiction to enforce its own orders. It does not disturb appellate jurisdiction. And that... We're not talking about appellate jurisdiction. Excuse me. We're talking about whether or not the circuit court had jurisdiction over this case. Not whether this could have been appealed or what have you. You're saying that they had to appeal the dismissal with prejudice from 30 days after that was answered, even though the case was still pending in front of the jury. Yes, that's correct. And the reason I mentioned the inherent authority of the trial court to enforce its own orders is so the contempt petition that was filed in December, that's in the nature of enforcing its November 25th order. The court retains, the trial court retains that jurisdiction without delaying the time to appeal the otherwise final judgment that had been entered. So what is this case that says that when there's other matters pending, I mean, that's all I'm asking is, I mean your case that says the court lost jurisdiction even though it had an advancement petition pending that hadn't been paid. She was going to ask for indemnification, which she did. And so I mean a case that says that they had to appeal that dismissal with prejudice, even though there's all these other matters pending, that the court suddenly had no jurisdiction. Or maybe not appeal. But a motion to vacate, a motion to modify, a motion to reconsider. That's absolutely right. It's the 30-day period where they could either file a notice of appeal or a motion directed, those judgments. Our position is that that trial started on November 25th. There was no post-judgment motion directed at the judgment. So with no notice of appeal after that day, the advancement issues and the dismissals lost, you know, they lost appellate jurisdiction. But I want to go to your case. You're confusing whether or not we would have jurisdiction with whether the trial court had jurisdiction over its own case. Right? And so on the fee petition, I'm going to address the fee petition in the contempt because there's different reasons why the trial court retained that jurisdiction despite those orders being appealable. So with the fee petition, counsel has cited cases that say a fee petition delays appealability. That's not always the case. And there's a clear distinction in the case law. And they hadn't raised this in their opening brief, so we didn't have a chance to address this in ours. But there's a clear distinction in the case law. Sometimes fee petitions extend the appealability, or delay, I should say, the appealability of an order. And sometimes they don't. And I'll read now. This is from the Servio case, which we cited in our brief, 211, 3rd, 751. This is from 759. It says, Our courts have recognized a distinction between a claim for fees which is brought as part of the principal action and a claim made after the principal action has been decided. In the latter situation, a Rule 304A finding is not required. And what they're talking about there is a Rule 304A finding is not required to appeal the original judgment. And the reason for this is, and you can see it in the cases, the cases both the plaintiffs cite and that we cite, is if a claim for fees is made in the complaint as an element of the plaintiff's damages or as a standalone claim in the complaint, a judgment resolving the complaint that doesn't address the fees has not resolved the plaintiff's claims because that claim for damages is still there. But you're saying this particular claim had been resolved even though she was seeking advancement fees and she was also seeking indemnification, or did later? Well, the indemnification, so in this situation, and it's in the Servio case, it's also in the, there's a Naperville case that we cited, and there's others. That I can tell you if it would be helpful, but where you have a defendant, typically a defendant, although it doesn't have to be, where you have a defendant who has a right to fees based on a prevailing party statute or a contractual right, or as in our case, an indemnification provision that's based on success on the merits, that right to fees doesn't arise until the principal claims are done. And the claim to enforce that right doesn't exist until the fee petition is filed. And like I said, the Servio case talks about... And how old is Servio? It's the 90s, right? It is. The Naperville case is from the last several years, but this, it's... An appellate case? It is. Are we still accepting that distinction between fee claims that are part of the complaint and fee claims that come after? Everything that I have seen suggests that it still remains, and every one of the cases that the plaintiff cited... Excuse me? Were they all involving attorney fees? All of these cases were... Would you equate a request for attorney fees, because the contract allows for it if you're successful, and equate that with a request under shareholder agreement for the advancement of defense costs? And would you also equate that with a request to be indemnified pursuant to another statute? Do you think those are all... Those cases are the same as a request for attorney fees? I think those are all different ways to request attorney fees that have different legal requirements. And I think the distinction that matters for what we're talking about is, was the claim made as part of the original claims in the case, or was the claim only available after the main case was done? And whose claim was this? Not the plaintiff's, right? Your deed has a right to indemnification.  That's only if she prevails. If she prevails, that's right. She is not the complainant here. I mean, she is in one sense, but the plaintiff filed the suit. Okay, that's correct. So let's... Let me just move to one other thing here. Let's assume for a second that the judge had jurisdiction, okay? And that it denied the motion to vacate, and it didn't grant leave, okay? So was that proper if the court had jurisdiction? Yeah, so under the assumption the jurisdiction for everything existed until the May 2nd judgment, I still think the trial court didn't do anything wrong. So as I think some of you were identifying, there's a number of steps here, right? There's, was the dismissal with prejudice an abuse of discretion in November when it was made? And at that time, there was no request for a further amendment. There was no proposed third amended complaint. There was no motion within 30 days saying, Judge, please, can we, can you reconsider this? I don't think there's anything in the record that would suggest that was an abuse of discretion. We move forward to... You're not suggesting that before he dismissed the second amended complaint, they had to be ready with the third amendment? How do you know what the judge is going to do? How can you prepare a pleading when you don't know what the judge is going to do yet? Well, you couldn't prepare a pleading, but you could propose it within 30 days. And there are, it has also been my experience that often on a reply brief, a plaintiff will say, and if you dismiss, please give me leave to re-plead. No, that wasn't done here. But I'm not aware of a requirement that you have to do. It's not a requirement, but I know, for example, the plaintiffs in their reply site, the Rucklich case, where leave, a denial of leave to men was reversed. And one of the things the court considered in that case was there was an oral argument on the motion to dismiss, and the plaintiff had requested leave to amend if she lost. So it's not required, but it's... I'm sorry. I'm sorry, go ahead. Does it matter that the judge was under the... He was under the impression that they had had three opportunities to amend? I don't... The court said what it said. I don't think that the trial judge... Excuse me? You don't think it matters that he made an error when he said you've had three opportunities to amend, and I'm not giving you a fourth, basically? Well, I think he was using the term plaintiffs collectively, and they undisputedly had... They had three complaints. All right. Well, let me ask you about... I don't think he made a mistake, whether it was in our... Yes. Worded. What about that he threw out the Merck, or Melk, rather? He said, well, you know what? You may have had a fiduciary relationship with Melk. He joined these other two. They corrected that, supposedly. But let's assume that, you know, there isn't this fiduciary relationship with these subsidiaries, or whatever you want to call them. Is there something appropriate about a judge throwing out the other party because you messed up on these two? Where does that come from? Well, I think Melk was dismissed because of lack of allegations supporting the breach element. I don't read the trial court's order as dismissing Melk because of lack of a duty. Only the other plaintiff's claims were dismissed for that reason. Well, what did he base his dismiss law on, then, for Melk? It was... He based it on a lack of factual allegations supporting the breach element. And in particular, I know he mentioned specificity regarding what was actually allegedly disclosed. And I think that, you know, if the court gets to evaluate... Did they do any of that in their third... Did they plead any confidential information of the type? The one that was... In the third amendment? No, I don't think that that could have been cured by the third amendment complaint. I also, you know, I also think there are a number of more... A number of more abuse of discretion standards could apply before we even get there. But sticking to that, I don't think that they cured the confidential information. All of the allegations are saying... What was in the third amendment complaint as far as the confidential information? Do you recall? I could look it up. I don't remember specifically. But in here, on this heightened pruning standard and the confidential information in particular, one of the cases that we cited is the Allaby case. This is another case where a breach of fiduciary duty claim is dismissed for failure to plead facts that support the breach element. And it was affirmed by this court on appeal. And some of the allegations in that case are the useful counterpoints. The plaintiff pled things like that there were unauthorized expenditures. This was one of the shareholders against other shareholders and I believe it was Closely Held Corporation. And had actually attached some bank statements to show there was supposed transactions that happened. She alleged that they were unauthorized. And what the court held is, you haven't pleaded any facts that we can determine that these actually were unauthorized. Isn't the bottom line that if any complaint can plead facts, the court shouldn't dismiss it with breaches? I think there is a part of the whole area of law that if this complaint and you give it enough facts can state a claim for breach of fiduciary duty, it should not be dismissed with breaches? No set of facts. No set of facts. Can be what? Isn't that the bottom line? There are cases that speak like that, but I think you have to put yourself in the shoes of the judge trying to make a call. This judge has seen three complaints come in and he is tasked with making a decision. He hasn't seen three complaints coming in that allege the breach of fiduciary duty vis-a-vis this particular defendant giving information to an employee boyfriend who used to work for the same company. I'm correct. That she made copies of confidential information, you know, records of the corporation. He then takes them to a competitor that he either becomes or is the competitor. They then allege that they lost customers as a result. They name multiple customers. They say how much they've been damaged because those accounts were suddenly closed after all of this happened. Um, and you're saying that no set of facts there could be pledged to establish breach of fiduciary duty? Well, I think you're describing the proposed third amended complaint. I am, and I ask you to let's go to that. I don't think it states a claim because still they say she disclosed confidential information, confidential information, but they don't say what it was. Sure, it's necessary to the breach that it be confidential. Yes, of course. The question is, could they have done that? And did they do that in that third amended complaint? They did not, and... What did they say about the confidential information? Didn't they say there were customer lists or customers and that those customers suddenly became no customers? When they defined the term confidential information, they defined it to include financial information, customer lists, and all proprietary information of all of the plaintiffs. And then when they said what she disclosed, they said she disclosed confidential information. But they don't say what she disclosed. So they did say, or at least in their proposed amended complaint, they said that she took customer lists. No, they did not. They said she took... They did, but they didn't plead it in their complaint. No, in all... And I think in the second in the amended complaint, second amended complaint and the proposed third, they define a term capital letter of confidential information to include customer lists and financial information in all proprietary information. When they allege disclosures, they just say, she disclosed confidential information. They don't say she disclosed customer lists or any other specific thing. And I think that's the... Going back to the Eldie case, I think that's the problem. You can't just say confidential information. You need some facts where the court or the trier of fact ultimately could say, this was confidential. That was a breach. Without that, it's just a factual... And they shouldn't have been given any opportunity to actually do that. And you're saying it's not in the third amendment? It's not in the third. And I think should is an interesting word, right? Because should goes to, was it... What should the child court have done? It has a broad range of options within its discretion. It chose one of them. And I think here, it wasn't unreasonable. And that's the standard on the with prejudice issue. And just going quickly to the motion to vacate, there's two more levels of abuse of discretion because they're assuming that that was timely, which we submit that it was not. And the child court had no jurisdiction at that point to hear the motion to vacate. It would need to reconsider the with prejudice finding. That's reviewed for abuse of discretion and a motion to reconsider. You typically need to have new facts that you couldn't have had before. You need to have changes in the law or an error in the law that the judge made. And they don't allege any of those things. So that wasn't an abuse of discretion to not reconsider the with prejudice. And then after you get that, they have to have leave to file the amended complaint. Also reviewed for abuse of discretion. And then we get into the loyal facts. That was never done. There was no consideration. We wouldn't get to whether the court abused its discretion in denying leave because the court never considered the loyal factors. Well, that's when that motion was presented, it was at the end of the fee petition hearing. And actually plaintiffs had filed it. They said nothing. And I stood up and said, Your Honor, you know, there's actually this motion to vacate that's still out there. The court said, what's this all about? I explained why it was attacking the judgment that had been had been And we want to know if it was a 214-01. Yeah, I said, I don't think it's a 1401. It's untimely as a motion to reconsider. So we think it should be denied. And plaintiff's counsel said nothing. They didn't even they made no argument for it. So, I mean, in some sense, it's probably a waiver. And, you know, we mentioned a lot of waiver, or excuse me, forfeiture issues in our brief, which I think are serious and should be highly considered here. But I understand that's within your discretion to apply or not. So I won't belabor that point. I think unless you have more questions, I think I've addressed what I wanted to talk about today. And so we would ask that the fee judgment be affirmed. Counsel, I'm sorry. I think you're closing up here. But so you're saying that the motion for leave to file a third amendment complaint, the plaintiff was given an opportunity to argue it and did not argue it. Is that what I'm hearing you say? They wrote something, right? They argued it in writing. They filed the motion. Yeah, it was filed a couple of days before the argument on the fee petition. At the end of that hearing, and let's see, this is in the record at the argument on that in particular is in the record at sub 2 R 86 is where it starts.  sub 2 R 83 is where I raised. They had actually two motions that they had filed. And so I mentioned to the court that these were still outstanding and needed to be dealt with. He denied the first one, which is not at issue on appeal. And then at sub 2 R 86 is where, you know, I make the argument that I don't know what this is. It's untimely, et cetera. And there's a brief exchange with the court and then he denies it, including an exchange with plaintiff's counsel. So we'd ask you to affirm the fee judgment. And either dismiss the other issues or affirm. Thank you. Thank you. Mr. Delpor, you may have a few minutes to argue. You may have a few more minutes. And I think it would be important for you to discuss counsel's closing counsel suggestion that your third amended complaint does not state a cause of action, that you didn't include any kind of confidential information other than we have confidential information that was disclosed. Thank you. I agree that that is one of the couple of things that I have been hoping to address. And I think it comes down to, I mean, the third amended complaint specifically says confidential information is customer lists, contacts, financial information, including pricing, strategic planning documents and other proprietary information. That is the definition that you gave of confidential information, but you didn't say that she stole customer lists or that she stole proprietary information that was X, Y, or Z. And didn't the trial judge specifically ask you after the first amended complaint to do that? The trial judge asked for specificity, and that's when the definition of confidential, I believe that's when the confidential information definition was provided. I think the distinction of saying it's defined in paragraph one and then we say in paragraph two that she stole it is not a meaningful distinction from defining it right in the same paragraph. We say this is what confidential information is, she stole confidential information. To me, that is saying exactly what she stole. Or not exactly, in that we haven't specified the names of the Excel spreadsheets, for example, or the names of the customers. But I don't see the meaningful distinction in where the term is defined. So you're saying you define confidential information, but you also said that she took that confidential information and gave it to a competitor.  Does that address the question that you were seeking? Well, we're going to have to, you know, mostly it's your third amended complaint. And of course, counsel has made several arguments about abuse of discretion, which is the most deferential standard of review. Certainly. Now that said, the other issue I wanted to address that counsel talked about quite a bit, even though I know we've also talked about it a bit, is jurisdiction. The bottom line, in our view, is there's one final judgment in this proceeding. It's the one entered on May 2, 2025, that actually says, quote, this is a final judgment. Specifically, it says,  this is a final judgment resolving all claims by and against all parties in the collateral proceeding initiated by the fee petition and is immediately appealable. It further expressly says,  to the extent there is any question regarding the finality of this order, the court finds there is no just reason for delaying enforcement of this order. This is the only order in the entire proceeding that has any language, anything like this. Well, that's through a 4-8 language, right, counsel? It is. But you don't have to have through a 4-8 language for a judgment to be final, do you? You do not, but the reason... Wasn't that November order a final judgment of the court? And weren't all of these other matters just corollary matters that didn't make it non-final? That it just made it non-final for purposes of appeal, right? Respectfully, the second piece of what I just read is through a 4-8 language. The first piece of what I just read is, quote, this is a final judgment. But there are final judgments issued all the time that don't say this is a final judgment, correct? Correct. Are you trying to say you have to have that language for it to be a final judgment? I don't think you need to have the language for a final judgment. I do think in the context here with several other moving parts, including a hearing where a counsel was setting a 24... The judge was setting 21-day deadlines for additional proceedings on the same issues, that with that in conjunction with the lack of any statement whatsoever suggesting that the judge intended for it to be a final judgment, there is no final judgment there. What... When the dismissal with prejudice was entered, did you say the judge had put things in there about further proceedings? What are you talking about? Sort of. Sort of. So that the dismissal with prejudice was entered, I believe, on November 21st of 2025. And then four days later, there was a hearing and additional orders on the advancement issue. So at the time, at the time the dismissal with prejudice was issued, was entered, the advancement issue was still pending. The advancement issue, I can go through again, but I believe it's inextricably intertwined with the rest of it. Then we come to November 25, and at that point during the hearing, counsel says, we will be filing a petition on indemnification. And the judge says how long, I believe the judge says how long, counsel says 21 days. And he says, okay, great, do it within 21 days. There's no indication that, all right, this is final. You have 30 days to file a post-judgment motion like you would any other post-judgment motion. But you don't have to include that in a final judgment. You don't have to tell the party what their responsibility is to comply with statutory construction. You don't, but I think again, the setting of a deadline other than the statute is indicative of certainly what the judge intended at that moment in time. I also think that, you know, at that moment in time because the indemnification question was then being raised, which again, intertwined with the merits question because the basis for indemnification is the merits. But there's no, counsel talked about the difference between a post-judgment request for fees and a pre-judgment request for fees. And the issue is this comes up, this request comes up before any final judgment is entered and so it should be treated as a continuation of the claims. You're making a distinction between a final judgment and a final appeal. Oh, yes. The November 21st order was a final judgment disposed of the claims. It disposed of a claim but it did not dispose of all of the claims. It did not dispose of all claims. So you're saying the 30-day clock did not start until all claims were disposed of. That's the proposition. The 30-day claim to appeal. Correct. Or move to reconsider. Correct. Well, you didn't move to reconsider until four months later. We did not. And our view would be that that was not untimely because that clock had not started. Ultimately, there are a lot of different questions that have been raised here. The common theme is the lower court consistently in our view applied the wrong legal standard in dismissing the second amended complainant. The court applied a heightened pleading standard and asked for a level of specificity not required in a breach of fiduciary duty claim, especially whereas here allegations involve clandestine hidden conduct. And it's important to note here that the court's the standard applied here was not just inconsistent. It was wrong. It was not just wrong. It was wrong and inconsistent. The court did not ask for this level of specificity when it dismissed the first amended complainant. It said, these are all grouped together. You can't do that. You need to replead. That was cured. And then the court went and found additional things that it took issue with later based on the heightened pleading standard. In refusing leave to amend, the court failed to ask the question of how to apply the relevant factors. And notably, as your honor has noted, it appears to have misunderstood the history, the procedural history, in making its determination now whether would have reached whether the judge would have exercised his discretion in the same way if he had properly understood the facts is unclear. And I think a question for him to answer in the first instance. In granting indemnification, the court failed to properly distinguish by reason of standard, but that actually applies from the arising out of or related to standard. And for advancement, the court applied no standard at all. It wrongly said that the motion was unopposed. That three days later said, oh, OK, there's no opposite. There is opposition, but it doesn't change the court's analysis. The clear string of errors is why so much of this discussion is focused on jurisdiction. But it's important to understand that the jurisdictional view propounded by opposing counsel is one that, as your honor noted, would result in multiple, I believe we counted, four separate notices of appeal in this action would have been required. That's not dispositive in and of itself, but I think it sheds light on what the rules are intended, what the rules mean. We don't believe the rules are intended to be interpreted in a way that results in piecemeal litigation, that results in monitoring the November 21st order to see if it subsequently became final and appealable on November 25th, even though it was not subsequently, even though it was not final and appealable on the 21st, that would result in parties overfiling notices of appeal because there's a risk of things becoming appealable and losing jurisdiction at some future moment in time. The rules simply don't, whether or not they're read for that is one thing, but certainly that's not the intent behind any of them. Let's spun your time. Thank you very much. All right. Thank you both for your arguments. The case will be taken under advice of the courts in recess.